# United States Court of Appeals
## For the First Circuit

No. 09-2502

BRAIT BUILDERS CORPORATION,

Plaintiff, Appellant,

v.

COMMONWEALTH OF MASSACHUSETTS,
DIVISION OF CAPITAL ASSET MANAGEMENT,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, <u>U.S. District Judge</u>]

Before

Lynch, <u>Chief Judge</u>,
Torruella and Stahl, <u>Circuit Judges</u>.

<u>John J. McNamara</u>, with whom <u>Domestico, Lane & McNamara, LLP</u>, was on brief for appellant.
<u>Daniel G. Cromack</u>, Assistant Attorney General, with whom <u>Martha Coakley</u>, Attorney General, was on brief for appellee.

May 2, 2011

**TORRUELLA**, **Circuit Judge**. In this appeal, plaintiff-appellant Brait Builders Corporation ("Brait") challenges the district court's dismissal of its claims -- brought under 42 U.S.C. § 1983 and Massachusetts state law -- against the Commonwealth of Massachusetts, Division of Capital Asset Management ("DCAM"). The district court issued a judgment dismissing the § 1983 claim with prejudice under Federal Rule of Civil Procedure 12(b)(6) on the ground that the interests asserted by Brait were not property interests protected by the Fourteenth Amendment of the United States Constitution. In addition, the court declined to exercise supplemental jurisdiction on the state law claims and dismissed them without prejudice. For the reasons stated below, we vacate the district court's judgment and remand the case with directions to dismiss for lack of jurisdiction, pursuant to the Eleventh Amendment of the United States Constitution.

## I.  Factual Background

Given that the district court disposed of this case on a motion to dismiss, see Fed. R. Civ. P. 12(b), we view the facts as set forth in Brait's complaint and indulge all reasonable inferences in Brait's favor. See McCloskey v. Mueller, 446 F.3d 262, 264 (1st Cir. 2006); Deniz v. Municipality of Guaynabo, 285 F.3d 142, 144 (1st Cir. 2002). Following, we recount the facts relevant to our decision on jurisdiction.

Brait, a Massachusetts corporation, is a general contractor that specializes in large-scale building construction projects commissioned by the Commonwealth of Massachusetts or its political subdivisions. As a condition precedent to bidding on public construction projects in the Commonwealth of Massachusetts, a contractor must hold a certificate of eligibility issued by DCAM,[1] demonstrating that the contractor has a capacity rating commensurate with the size and scope of the project on which it is bidding. See Mass. Gen. Laws ch. 149, § 44D(1)(a); Fordyce v. Town of Hanover, 929 N.E.2d 929, 938-39 (Mass. 2010). "Certificates of eligibility, which must be renewed annually, are issued only after DCAM's review of the contractor's prior construction experience, professional references, financial condition, and organizational capacity." Fordyce, 929 N.E.2d at 939 (citing Mass. Gen. Laws ch. 149, § 44D(1)-(3)). "DCAM may 'decertify a contractor or reduce the classes of work and amount of work on which the contractor is eligible to bid,' if DCAM learns of a contractor's incompetence, poor performance, or misconduct." Id. (quoting Mass. Gen. Laws ch. 149, § 44D(5)). Under Massachusetts law, "[a]ny materially false statement in the [certification] application or update statement . . . shall constitute cause for debarring the applicant

_____

[1] DCAM is an agency of the Commonwealth of Massachusetts in charge of, among other things, overseeing administration of Massachusetts' public bidding statutes, Mass. Gen. Laws ch. 149, §§ 44A-44H. See Mass. Gen. Laws ch. 7, §§ 4A, 40A; Fordyce v. Town of Hanover, 929 N.E.2d 929, 938-39 (Mass. 2010).

-3-

from future public work as provided in [section 44C of chapter 149 of Massachusetts General Laws]." Mass. Gen. Laws ch. 149, § 44D (2). "A contractor who is debarred or whose certification is suspended, revoked, or not renewed by DCAM, loses the ability to contract for construction work from any public authority in the Commonwealth [of Massachusetts]." Fordyce, 929 N.E.2d at 939.

Brait first received DCAM certification to bid on public construction building projects in 1994 and continued to annually renew its certification through 2007. In December 2007, Brait again applied for renewal of its certificate of eligibility. In response to Brait's application and based on the information set forth therein, DCAM issued a certificate of eligibility -- valid from December 19, 2007 through December 19, 2008 -- in the category of "General Building Construction" with a single project limit ("SPL") of $73,738,000 and aggregate work limit ("AWL") of $75,408,000.

On or about September 12, 2008, Brait was declared the lowest eligible bidder for the Beverly High School project in the City of Beverly, Massachusetts (the "Beverly Project"). Shortly thereafter, DCAM received communications from certain groups alleging that Brait had intentionally submitted false information in its December 2007 "certificate of eligibility application" in an effort to attain higher certification limits that would allow it to bid on more lucrative public building construction projects.

After certain subsequent communications between DCAM and Brait -- the extent of which is not relevant to our decision on jurisdiction -- DCAM debarred Brait from bidding on Massachusetts public building construction projects for one year through a decertification order issued on November 21, 2008 (the "Final Determination").  In addition, as a result of the allegations brought against Brait and relying on DCAM's findings, the Office of the Attorney General of the Commonwealth of Massachusetts issued a decision on November 19, 2008, rejecting Brait's bid on the Beverly Project.  Brait alleges that both the Final Determination and the rejection of its bid in the Beverly Project deprived it of property interests protected by the Fourteenth Amendment (i.e., the right to bid on Massachusetts public construction projects and a contract for the construction of a public school) without meaningful due process.

## II.  **Procedural Posture**

On January 16, 2009, Brait filed a complaint in the district court against DCAM asserting claims under state law and 42 U.S.C. § 1983 (for violation of its federal due process rights). DCAM answered the complaint by asserting, among other things, (1) that it could not be sued under 42 U.S.C. § 1983 because, as a state agency, it was not considered a "person" under said statute, see Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); and (2) that it was nonetheless immune from suit under the Eleventh

-5-

Amendment. In light thereof, Brait moved on April 17, 2009, to amend the complaint by eliminating DCAM and adding four DCAM officials. Brait's motion for leave to file an amended complaint included as an attachment a "proposed first amended complaint," which named the following persons as proposed defendants, each in their official and individual capacities: (1) David B. Perini, Commissioner of DCAM; (2) George M. Matthews, Deputy General Counsel of DCAM; (3) Natasha M. Bizanos, Manager of Contractor Certification; and (4) Harry M. Schoenbrun, Compliance Officer (collectively, the "Proposed Individual Defendants").

On May 13, 2009, DCAM moved to dismiss Brait's complaint on two alternative grounds. First, DCAM alleged that the district court lacked jurisdiction, see Fed. R. Civ. P. 12(b)(1), pursuant to the Eleventh Amendment. Second, DCAM maintained that Brait's § 1983 claim should be dismissed for failure to state a claim upon which relief could be granted, see Fed. R. Civ. P. 12(b)(6), and the court should decline to exercise supplemental jurisdiction over the state law claims. In addition, DCAM opposed Brait's motion for leave to file an amended complaint alleging that such filing would be futile because Brait's failure to state a claim would also justify dismissal against the Proposed Individual Defendants.

On June 9, 2009, the district court ordered that Brait's motion for leave to file an amended complaint be granted and stated that it was taking DCAM's motion to dismiss "under advisement."

More than four months transpired after the district court granted Brait's motion for leave to file and Brait neither filed an amended complaint nor served the Proposed Individual Defendants.

Subsequently, on October 30, 2009, the district court issued a brief order dismissing Brait's § 1983 claim -- on the ground that the property interests asserted by Brait were not property rights protected by the Fourteenth Amendment -- and declining to exercise supplemental jurisdiction over the remaining state law claims, which the court dismissed without prejudice. This appeal ensued.

### III.  Standard of Review

Because the district court dismissed this case on a motion to dismiss, we review its ruling de novo.  McCloskey, 446 F.3d at 266.  We, however, "are not wedded to the lower court's rationale and may affirm an order of dismissal on any basis made apparent by the record."  Id.

### IV.  Discussion

#### A.  DCAM is the only defendant in this appeal

Due to its relevance for purposes of our Eleventh Amendment analysis, we begin by setting forth our understanding with respect to which party is the defendant in this appeal.  In this regard, Brait avers that -- because the district court allowed its motion for leave to file an amended complaint -- the Proposed Individual Defendants should be considered the defendants in this

appeal. This is despite the fact that Brait did not file an amended complaint after having been granted leave to do so and never served the Proposed Individual Defendants with summonses. For the reasons stated below, we find Brait's allegations unavailing and conclude that DCAM is the only defendant in this appeal.

Where amendment "as a matter of course" is no longer available, Federal Rule of Civil Procedure 15(a)(2) allows amendment of a complaint with the opposing party's written consent or the court's leave. "An amended complaint, once filed, normally supersedes the antecedent complaint," and causes the latter to "no longer perform[] any function in the case." Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008) (emphasis added) (citation and internal quotation marks omitted). An amended complaint must generally be served upon every party. Fed. R. Civ. P. 5(a)(1)(B). Furthermore, an amended complaint that adds defendants to an action must be served upon such defendants "within 120 days after the amended complaint is filed." Fed. R. Civ. P. 4(m); see also Bolden v. City of Topeka, 441 F.3d 1129, 1148 (10th Cir. 2006) (noting that the 120-day period provided by Rule 4(m) applies to service upon defendants newly added in an amended complaint).

As we have stated, Brait concedes that it has neither filed an amended complaint -- after having been granted leave to do

so -- nor served the Proposed Individual Defendants.  In addition, Brait has not requested that the "proposed amended complaint" -- attached to its motion for leave to file -- be deemed a proper filing of an amended complaint.[2]  <u>See</u> Fed. R. Civ. P. 5(d).  Brait, however, alleges that its inaction was justified in light of the circumstances of this case.  Specifically, Brait contends that it would have been a waste of resources for Brait to file the "first amended complaint" and serve it upon the Proposed Individual Defendants, given that the "proposed amended complaint" advised the district court of Brait's allegations for purposes of determining whether the case should nonetheless be dismissed.  Accordingly, Brait maintains that it should not have been required to file an amended complaint or serve the Proposed Individual Defendants with summonses while the district court was still considering DCAM's motion to dismiss.

Brait's arguments do not support its contention that the Proposed Individual Defendants are the defendants in this case.  Its arguments merely attempt to provide cost-efficiency reasons for why Brait should not have been required to remedy an alleged defect

---

[2]  Such an argument is therefore waived, and we limit our analysis accordingly.  <u>See</u> <u>United States</u> v. <u>Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990).  In light thereof, it is unnecessary for us to address the issue of whether Brait's amended complaint -- in the event it had been filed -- should nonetheless be dismissed due to Brait's subsequent failure to serve summonses upon the Proposed Individual Defendants within 120 days, as required by Federal Rule of Civil Procedure 4(m).

in the district court's jurisdiction, despite having been granted leave to do so.  It is unnecessary for us to address these arguments at this point, since they do not change the fact that Brait failed to file an amended complaint and serve the Proposed Individual Defendants, and, consequently, that DCAM is the sole defendant here.

For the reasons stated, we conclude that DCAM is the sole defendant in this appeal.[3]  This conclusion is consistent with the apparent understanding of the district court, which did not change the caption of this case to eliminate DCAM and add the Proposed Individual Defendants.  Such proposed defendants have not appeared in this case (on appeal or in the district court).  With this understanding in mind, we proceed to analyze DCAM's Eleventh Amendment immunity defense.

### B.  Eleventh Amendment immunity

This appeal presents an Eleventh Amendment question (i.e., whether the Eleventh Amendment precludes us from exercising

---

[3]  We note that Brait's "proposed amended complaint" presented four state law claims and one federal law claim, namely, a request for declaratory judgment that the Proposed Individual Defendants deprived Brait of its property interests in violation of its right to due process.  Because we find that Brait did not amend its complaint, it is unnecessary for us to address whether a federal court would have jurisdiction to issue such declaratory relief, in light of the fact that no ongoing violation of federal law is alleged by Brait (i.e., Brait concedes that it was only barred for one year from applying for recertification, a period which has elapsed).  See Mills v. Maine, 118 F.3d 37, 55 (1st Cir. 1997) (noting that "a declaratory judgment is unavailable where . . . the parties agree that there is no ongoing legal violation").

judicial power over DCAM) and questions that relate to the plausibility of Brait's claims on the merits. As explained below, the nature of the issues presented in this appeal counsels that we begin the dispositional order by analyzing DCAM's Eleventh Amendment immunity defense.

Generally, courts must adjudicate plausible challenges to their jurisdiction prior to adjudicating the merits of a case. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999). Moreover, although the Supreme Court "has declined to state definitively whether the Eleventh Amendment is a doctrine of subject matter jurisdiction," Hudson Sav. Bank v. Austin, 479 F.3d 102, 109 (1st. Cir. 2007) (citing Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 391 (1998)), the Court has stated that the "Amendment is jurisdictional in the sense that it is a limitation on the federal court's judicial power." Calderon v. Ashmus, 523 U.S. 740, 745 n.2 (1998) (emphasis added); see also Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 72-73 (1996) ("The Eleventh Amendment restricts the judicial power under Article III . . . .").

On the other hand, the Supreme Court has also "recognized that [the Eleventh Amendment] is not co-extensive with the limitations on judicial power in Article III." Calderon, 523 U.S. at 745 n.2. Consistent with these principles, it is well-established under First Circuit precedent that federal courts may resolve a case on the merits in favor of a state without first

-11-

resolving any Eleventh Amendment issues the state raises. Parella
v. Ret. Bd. of R.I. Emps.' Ret. Sys., 173 F.3d 46, 53-57 (1st Cir.
1999); see also McBee v. Delica Co., 417 F.3d 107, 127 (1st Cir.
2005) ("In Parella, we held that Eleventh Amendment immunity . . .
can be bypassed in certain cases . . . ."). This First Circuit
"precedent allows [federal courts] to defer thorny Eleventh
Amendment questions in cases in which it is perfectly clear that
the state entity will prevail on the merits." Dávila v.
Corporación De P.R. Para La Difusión Pública, 498 F.3d 9, 14 (1st
Cir. 2007) (citing Parella, 173 F.3d at 53-57).

We do not bypass the Eleventh Amendment question in this
case because the answer to that question is quite straightforward.
Brait did not amend its complaint to include the individual DCAM
officers as named defendants under the doctrine of Ex parte Young,
209 U.S. 123 (1908). DCAM is the only defendant. "The Supreme
Court has clearly said that the Eleventh Amendment bars federal
suits by citizens against the state or state agencies . . . ."[4]
O'Neill v. Baker, 210 F.3d 41, 47 (1st Cir. 2000). Therefore,
"[u]nless a State has waived its Eleventh Amendment immunity or
Congress has overridden it, . . . a State cannot be sued directly
in its own name regardless of the relief sought." Kentucky v.

_____

[4] Brait has not disputed DCAM's assertion that it is a state
agency subject to Eleventh Amendment immunity. Therefore, we
assume for purposes of our analysis that it is. See O'Neill v.
Baker, 210 F.3d 41, 47 n.5 (1st Cir. 2000).

-12-

<u>Graham</u>, 473 U.S. 159, 167 n.14 (1985) (citing <u>Alabama</u> v. <u>Pugh</u>, 438 U.S. 781 (1978)).  Pursuant to these principles, it is perfectly clear that Brait's claims in the complaint are barred by the Eleventh Amendment, since Brait sued DCAM in the latter's own name.[5]  <u>See</u> <u>Virginia Office for Protection and Advocacy</u> v. <u>Stewart</u>, No. 09-529, slip op. at 5 (U.S. April 19, 2011).

In addition, although we do not render an opinion with regards to the merits of the constitutional question reached by the district court (i.e., whether Brait asserted property interests protected by the Fourteenth Amendment), we note that the brevity of the district court's opinion understates the complexity of this question, particularly in relation to the issue of whether Brait had a constitutionally protected property interest in its certification of eligibility to bid on Massachusetts public building construction projects.[6]  Therefore, we note that bypassing

---

[5]  Brait's contention that DCAM waived its Eleventh Amendment immunity is unavailing.  Specifically, Brait avers that during a motion hearing in the district court, DCAM's counsel allegedly admitted that the Eleventh Amendment was not an issue.  Brait conveniently misconstrues the record here, since DCAM's counsel's comments were made with reference to the "proposed amended complaint," whose filing DCAM argued would be futile because it allegedly failed to state a claim upon which relief could be granted.  DCAM has consistently asserted its Eleventh Amendment immunity by raising it in the answer to the complaint, in its motion to dismiss, in its appellate brief and at oral arguments before this court.  No more was needed to preserve its Eleventh Amendment immunity.

[6]  Without fully setting forth its analysis, the district court relied solely on <u>Redondo-Borges</u> v. <u>United States HUD</u>, 421 F.3d 1, 8 (1st Cir. 2005), for its conclusion that Brait was not deprived

the Eleventh Amendment question here might require us to unnecessarily resolve a more complex Fourteenth Amendment question.

Based on the above, we find that the questions at issue in this case do not counsel that we bypass the Eleventh Amendment immunity question. Accordingly, we conclude that Brait's claims in the complaint are barred by the Eleventh Amendment.

## V. <u>Conclusion</u>

For the reasons stated, we conclude that Eleventh Amendment immunity applies and, consequently, that we lack jurisdiction to hear this appeal. We therefore vacate the district court's judgment and remand the case with directions to dismiss for lack of jurisdiction.

**<u>Vacated and Remanded with directions to dismiss for lack of jurisdiction</u>. Costs in this appeal shall be taxed against plaintiff-appellant Brait Builders Corporation.**

---

of a constitutionally protected property interest when it was debarred from bidding on Massachusetts public construction projects for a year. Such reliance on <u>Redondo-Borges</u> may be misplaced because the court in <u>Redondo-Borges</u> expressly declined "to reach the issue of whether there is a constitutionally protected property interest associated with effective debarment," because the plaintiff in that case "[had] not alleged sufficient facts to establish the underlying debarment." <u>Redondo-Borges</u>, 421 F.3d at 8. Thus, deciding the merits of this case may involve more analysis.