[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12536
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 20, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:10-cv-00141-IPJ


GERALD NEIL LINDLEY,

                                                    Plaintiff - Appellant,

versus

CITY OF BIRMINGHAM, ALABAMA,
WILLIAM BELL,
individually,
A. C. ROPER,
individually,
KATHY DAVIS,
individually,
LAMPKIN,
individually,

                                                    Defendants - Appellees,

CITY OF BIRMINGHAM POLICE DEPARTMENT, et al.,

                                                    Defendants.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(December 20, 2011)

Before PRYOR, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Gerald Lindley appeals from the district court's March 24, 2011 Order

dismissing his December 31, 2010 amended complaint. After careful review, we

reverse and remand.

On January 22, 2010, Lindley filed a complaint against the City of

Birmingham, the Birmingham Police Department, the Birmingham City Jail,

Mayor William Bell, Chief of Police A.C. Roper, Deputy Chief Faye Lampkin,

Chief of the Birmingham City Jail Kathie Davis, as well as several other

defendants, all in their individual and official capacities. The complaint alleged

that while Lindley was in the Birmingham City Jail from January 24, 2008 to

February 2, 2008, he developed a staph infection in his knee and that the failure of

the defendants to provide any medical attention violated his rights under the

Eighth and Fourteenth Amendments to the Constitution.

On March 11, 2010, the district court dismissed the claims asserted against

the Birmingham Police Department and the Birmingham City Jail, as well as the official-capacity claims against Bell, Roper, Lampkin, and Davis. Following the close of discovery, on August 20, 2010, the City of Birmingham, together with Bell, Roper, Lampkin, and Davis in their individual capacities, moved for summary judgment. The district court entered a series of orders, extending the period of discovery to December 31, 2010 and granting Lindley leave to file an amended complaint by December 31, 2010 as well.

On that date, Lindley filed his amended complaint. He again asserted claims against the City of Birmingham, Bell, Roper, Lampkin, and Davis. In addition, he named a number of new defendants, including First Line Care, P.C.; Always There In-Home Care, Inc.; Correctional Officers Tangery Thomas, Bernardine Harper, Marsha Smith, Shawn Simmons, Stacy Jones, Erik Henderson, Wanda Sanders, Josslyn Tarver, and Ralph Lawrence; Sergeant Verlyne Moten; Janet Moore; and Nurse Fredia Taylor.[1] On March 23, 2011, the district court granted the renewed motion for summary judgment filed by the City of Birmingham, Bell, Roper, Lampkin, and Davis.

In a footnote in its opinion on the summary judgment motion, the district court expressed its intention to enter a separate order dismissing the claims

---

[1] For ease of reference, we will call these defendants the "new defendants."

asserted against the new defendants. The district court noted that none of these defendants had been served. In response, Lindley filed a motion for clarification or in the alternative for extension of time to perfect service. Lindley asked the district court to clarify that the time for him to serve process on the new defendants had not yet run. In the alternative, he asked for an extension of time to perfect service. The district court denied that motion on March 24, 2011 and ordered that the claims against the new defendants be dismissed for "failure to obtain service." Lindley filed a motion to alter or amend judgment, which the district court also denied.

Lindley argues that the district court erred when it dismissed the claims against the new defendants for failure to serve process.[2] We are persuaded by this argument. Rule 4(m) of the Federal Rules of Civil Procedure requires a plaintiff to serve a defendant with process within 120 days of the filing of a complaint. Fed. R. Civ. P. 4(m). Thus, when an amended complaint names a new defendant, a

---

[2] Lindley's notice of appeal also encompasses the district court's March 23, 2011 Order granting summary judgment to the City of Birmingham, Bell, Roper, Lampkin, and Davis. Thus, these particular defendants have been designated as appellees. However, Lindley's brief contains arguments challenging only the district court's March 24, 2011 Order dismissing his claims against the new defendants. Lindley's appeal is therefore limited to that Order. The appellees have filed a brief addressing the propriety of the March 24, 2011 Order. Consistent with the principle that a party generally cannot "assert the interests of other parties to the litigation," Newman v. Graddick, 740 F.2d 1513, 1517 (11th Cir. 1984), the appellees have acknowledged that they are presenting the arguments only "for informational purposes."

4

plaintiff has 120 days from the date on which the amended complaint is filed to serve that defendant with process. Brait Builders Corp. v. Mass., Div. of Capital Asset Mgmt., 644 F.3d 5, 9 (1st Cir. 2011); Bolden v. City of Topeka, 441 F.3d 1129, 1148 (10th Cir. 2006); Carmona v. Ross, 376 F.3d 829, 830 (8th Cir. 2004); McGuckin v. United States, 918 F.2d 811, 813 (9th Cir. 1990). Rule 4(m) authorizes a district court to dismiss sua sponte a complaint for failure to comply with the 120-day time limitation. See Fed. R. Civ. P. 4(m). We review such a dismissal for abuse of discretion. Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1286 (11th Cir. 2009). We must reverse if "the district court has made a clear error in judgment, or has applied the wrong legal standard." Id. (quotation marks omitted).

In this case, Lindley filed with leave of court his amended complaint on December 31, 2010. The record shows that the amended complaint specifically named First Line Care, Always There In-Home Care, as well as Thomas, Harper, Smith, Simmons, Jones, Henderson, Sanders, Tarver, Lawrence, Moten, Moore, and Taylor, as defendants for the first time in this case.[3] Thus, Lindley had until

---

[3] In his original complaint, Lindley named "Nurse Frida (last name unknown)" as a defendant. His amended complaint named "Nurse Fredia Taylor" as a defendant. This constitutes the addition of a new party. See Wayne v. Jarvis, 197 F.3d 1098, 1102–03 (11th Cir. 1999) (holding that replacing a "John Doe" with a specifically named party effects a change in parties, not simply a substitution), overruled on other grounds by Manders v. Lee, 338 F.3d 1304 (11th Cir. 2003) (en banc).

5

April 30, 2011 to serve these defendants with process. The district court, however, ordered on March 24, 2011 that Lindley's claims against these defendants be dismissed for "failure to obtain service." The district court erroneously concluded that the time for Lindley to serve process had run. We agree with Lindley that "[t]he district court's decision to dismiss [his claims] for failure to timely effect service was premature" and thus must be reversed. Lepone-Dempsey v. Carroll Cnty. Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007).

Lindley points out that in ordering the dismissal of his claims against the new defendants on March 24, 2011, the district court also concluded that the claims against the new defendants could not relate back to the original complaint and were thus time-barred. The district court thus sua sponte dismissed Lindley's amended complaint for failure to state a claim under Rule 12(b)(6). See Jones v. Block, 549 U.S. 199, 215, 127 S. Ct. 910, 920 (2007) ("A complaint is subject to dismissal for failure to state a claim if . . . relief is barred by the applicable statute of limitations . . . ."); see also Fed. R. Civ. P. 8(c)(1) (providing that the statute of limitations is an affirmative defense). However, the Federal Rules of Civil Procedure "do not provide for sua sponte dismissal . . . on the merits." Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc., 695 F.2d 524, 526 (11th Cir.

6

1983).  As a result, we have cautioned that a district court must afford a plaintiff due process before dismissing a complaint sua sponte.  Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011).  In other words, there must be adequate notice and an opportunity to be heard.  Id.[4]

The record does not reveal that the district court complied with this requirement.  To be sure, the district court on March 23, 2011 announced its intention to dismiss the claims against the new defendants.  However, the only reason that the district court provided at the time was Lindley's failure to serve process.  The district court did not inform Lindley that it was prepared to hold Lindley's claims as time-barred.  As a result, in response to the district court's statement, Lindley discussed only the issue of whether he had effected service within the required time period.  The district court thus failed to give adequate notice to Lindley that it was going to dismiss his claims on the ground that the statute of limitations had run.[5]  Because "the district court failed to afford

---

[4] There is one exception to this rule—a district court may dismiss a complaint sua sponte if it is "patently frivolous."  Tazoe, 631 F.3d at 1336.  The district court in this case did not dismiss on this ground.

[5] Later on, in his motion to alter or amend judgment under Federal Rule of Civil Procedure 59, Lindley had the chance to address the question regarding the statute of limitations.  However, this was not an adequate opportunity for Lindley to respond to the issue, which the district court raised, for the first time, in its March 24, 2011 Order.  Under Rule 59, it is not enough that the party demonstrate that a particular outcome is incorrect.  Instead, the party must show that it was "manifest error[]" to reach the result.  Arthur v. King, 500 F.3d 1335, 1343

7

[Lindley] due process when it dismissed [his] complaint" as time-barred, the district court's decision in that respect must also be reversed.  Tazoe, 631 F.3d at 1336.[6]

For the reasons set forth above, we reverse the district court's March 24, 2011 Order dismissing Lindley's claims against the new defendants, and we remand the case for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

---

(11th Cir. 2007).  Thus, it is one thing for a party to contest an issue, in the first instance, under standards of Rule 12.  It is quite another for a party to do so under Rule 59.

[6] Lindley's brief on appeal does not specifically challenge the sua sponte nature of the district court's decision to hold his claims as time-barred.  Although we "generally do not entertain issues or claims not raised on appeal," we have recognized that "it is within [our] discretion to do so."  Belize Telecom Ltd. v. Gov't of Belize, 528 F.3d 1298, 1304 n.7 (11th Cir. 2008).  Lindley raised this issue in his Rule 59 motion, and thus we are not passing upon an issue that the district court did not consider.  This issue is also of no concern to the appellees, who have separately prevailed on summary judgment.  See supra note 3.