[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15073
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cv-00141-IPJ


GERALD NEIL LINDLEY,

Plaintiff - Appellant,


versus


BIRMINGHAM, CITY OF, ALABAMA,
a municipal corporation, et al.,

Defendants,


ALAN ROBERTSON, Dr; in his individual
capacity and/or in his official capacity as
medical provider at the Birmingham City
and as an individual practicing physician,
FIRST LINE CARE PC, an Alabama professional
corporation providing health care and medical
care at the Birmingham City Jail,
ALWAYS THERE IN HOME CARE INC.,
an Alabama corporation providing nursing
services at the Birmingham City Jail, f.k.a.
Almost Family In-Home Care Inc.,

FREDIA L. TAYLOR, Nurse; in her
professional and official capacity as an
employee of the City of Birmingham and
as a Nurse at the Birmingham City Jail,
ALINDA BROWN, Nurse; in her professional
and official capacity as an employee of the
City of Birmingham and as a Nurse at the
Birmingham City Jail, et al.,

                                              Defendants - Appellees.

                    _____

                Appeal from the United States District Court
                    for the Northern District of Alabama
                    _____

                            (April 3, 2013)

Before MARCUS, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

    Gerald Lindley appeals the dismissal of his Amended Complaint, pursuant to

Federal Rule of Civil Procedure 12, as to defendants Fredia Taylor, Tangery

Thomas, Bernadine Harper, Josslyn Tarver, and Verlyne Moten.  His Amended

Complaint was dismissed on Statute of Limitations grounds.  It is undisputed that

Lindley's original complaint did not name those five defendants but was timely

filed.  The district court found that Lindley's Amended Complaint, filed beyond

the applicable statute of limitations, did not relate back to the initial complaint, and

was therefore time-barred.

                                    2

## I.

Lindley claims he was deprived of medical care when incarcerated in the Birmingham City Jail from January 24, 2008, until February 2, 2008, in violation of his Constitutional rights.  Lindley filed his original complaint in U.S. District Court of the Northern District of Alabama on January 22, 2010, shortly before the statute of limitations ran.[1]  Defendants named in the original complaint included the City of Birmingham, the City of Birmingham Police Department, the City of Birmingham Jail, Mayor William Bell, Birmingham Chief of Police A.C. Roper, Deputy Chief Faye Lampkin, Chief of the Birmingham City Jail Kathy Davis, as well as several other defendants including unnamed correctional officers and nurses.

Following an extended discovery schedule and after the district court dismissed a number of the claims in the original complaint, the district court granted Lindley leave to file a motion to amend his complaint by December 31, 2010.  Lindley filed the Amended Complaint on that day.  Lindley named a number of new defendants in his complaint, including those in this appeal.  The Amended Complaint also added claims of alleged constitutional harm perpetrated by Birmingham City Jail employees Sergeant Verlyne Moten and Correctional

---

[1] Constitutional claims brought under 42 U.S.C. § 1983 are tort actions subject to the personal injury statute of limitations of the state where the action has been brought.  McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir. 2008).  The statute of limitations in Alabama is two years.  Id.; Ala. Code § 6-2-38 (1975).  The parties do not dispute that the original complaint was timely.

3

Officers Tangery Thomas, Bernadine Harper, and Josslyn Tarver.  The Amended Complaint included the full name of nurse Fredia L. Taylor, who was referred to as "Nurse Frida" in the initial complaint.  All of the added defendants were alleged to have been at the jail during the time period Lindley says he was subjected to constitutional harm.

On March 24, 2011, the district court entered an order dismissing the newly named, unserved defendants, ruling that the complaint filed on December 31, 2010 did not relate back to the original complaint and was therefore time-barred.  We reversed on procedural grounds, holding that the district court had given the plaintiff no notice of the timeliness issue, insofar as before it dismissed the complaint, it had indicated it was concerned only with insufficient service of process.  See Lindley v. City of Birmingham, 452 F. App'x 878, 881 (11th Cir. 2011).  We did not comment on the merits of the relation back argument.  See id.

Following remand, additional discovery, notice, and briefing, the district court granted appellee defendants' motion to dismiss the complaint with prejudice under Rule 12.  The district court found that Lindley's December 31, 2010, complaint did not relate back to his initial complaint under Rule 15(c) because the amended complaint was not filed within the 120 day time period for service of process under Rule 4(m) and because Lindley "failed to provide the court with any

4

basis to find the five [newly named] defendants knew or should have known the plaintiff would sue them."

Regardless of the merits of the district court's evidentiary assessments, it did not properly review the Amended Complaint under the standards for a motion to dismiss on statute of limitations grounds under Federal Rule of Civil Procedure 12(b)(6).[2] We therefore reverse this case to allow the court to do so.

## II.

We review de novo a district court's ruling on a motion to dismiss, applying the same rules as the district court. Mills v. Foremost Ins. Co., 511 F.3d 1300, 1303 (11th Cir. 2008).

"[A] Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred" because "[a] statute of limitations bar is an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) (quotation marks omitted). In other words, "[a]t the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute." Tello v. Dean

---

[2] We are aware that Lindley's brief was predominantly based on the argument that the district court had made an erroneous ruling under Rule 15(c), but Lindley did allude to the issue of when a dismissal under Rule 12 is appropriate based upon the application of the statute of limitations. We have concluded that Lindley sufficiently raised the issue for our consideration.

Witter Reynolds, Inc., 410 F.3d 1275, 1288 n.13 (11th Cir. 2005) (quotation marks omitted).

Federal Rule of Civil Procedure 15(c) governs when an amended complaint may "relate back" to an earlier complaint, and therefore be considered filed at the time of the initial complaint.  An amended complaint that adds a party or changes the name of a party relates back where (1) the claim "arose out of the same conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading;" (2) the new party "received such notice of the action that it will not be prejudiced in defending on the merits;" (3) the party being added received such notice within the time period of Rule 4(m), 120 days; and (4) the party being added "knew or should have known [within the Rule 4(m) time period] that the action would have been brought against it, but for a mistake concerning the proper party's identity."  Fed. R. Civ. P. 15(c)(1)(B), (C)(i-ii); see Fed. R. Civ. P. 4(m).

The Supreme Court addressed the interplay between Rule 4(m) and Rule 15(c) in determining when a plaintiff may file an amended complaint in Krupski v. Costa Crociere S.p.A., ___ U.S. ___, 130 S. Ct. 2485 (2010).  In that case, the defendant asserted that "Rule 15(c) requires a plaintiff to move to amend her complaint or to file and serve an amended complaint within the Rule 4(m) period."  Id. at 2497 n.5.  The Supreme Court rejected that assertion finding that "the speed with which a plaintiff moves to amend her complaint or files an amended

6

complaint after obtaining leave to do so has no bearing on whether the amended complaint relates back." Id. at 2496. Rather, the pertinent question is whether within the Rule 4(m) period the defendant "knew or should have known that it would have been named as a defendant but for an error." Id. at 2493.

### III.

Defendants Taylor, Thomas, Harper, Tarver, and Moten argue that the Amended Complaint cannot relate back because the time to file under Rule 15(c) is circumscribed by Rule 4(m). Beyond that, however, they argue that there is no evidence that any of them had notice or knew or should have known they would be targets of the litigation within the Rule 4(m) period sufficient to satisfy Rule 15(c).

The Defendants may indeed be right on the merits, but their arguments fail at the motion to dismiss stage. First, under Krupski, Lindley was not required to file an "amendment to the complaint, or motion to amend the complaint" during the "120 day time period" of Rule 4(m) which the district court found "technically expired on May 24, 2010." The district court erred on this point. Nothing "on the face of the complaint" demonstrated that the complaint was filed at a date too late to have the potential to relate back. See Krupski, ___ at ___, 130 S. Ct. at 2496–97, La Grasta, 358 F.3d at 845.

Second, even if the district court is correct that there is insufficient evidence to demonstrate that the plaintiffs had or should have had the requisite notice, this

7

fact is not apparent from the face of the complaint. Looking at the face of the complaint, it does not "appear[] beyond a doubt that [Lindley] can prove no set of facts that toll the statute." See Tello, 410 F.3d at 1288 n.13 (quotation marks omitted). Rather, the Amended Complaint concerns the same "conduct, transaction, or occurrence" as the initial complaint. See Fed. R. Civ. P. 15(C)(1)(b). In fact, the initial complaint refers to actions taken by "Defendant Nurse Frida (last name unknown)," changed to Nurse Fredia L. Taylor in the Amended Complaint, and "Defendant Correctional Officer John Doe (identity unknown), whether singular or plural," changed to Correctional Officers Tangery Thomas, Bernadine Harper, and Josslyn Tarver, among others, in the Amended Complaint. While the parallelism between the Initial Complaint and the Amended Complaint does not prove notice sufficient to satisfy Rule 15(c)(1)(C), neither does it disprove such notice. On the other hand, it arguably does satisfy Rule 15(c)(1)(B), a necessary prerequisite for relation back under Rule 15(c)(1)(C).[3]

Because we review this complaint at the motion to dismiss stage and because nothing on the face of the complaint establishes that the plaintiff can prove no set of facts to toll the statute of limitations, the ruling below is

**REVERSED.**

---

[3] It is worth noting that an amended complaint adding a party could be dismissed at the motion to dismiss stage if it fails to satisfy Rule 15(c)(1)(B) or if it alleges facts demonstrating that Rule 15(c)(1)(C) is not satisfied. We do not suggest that a duly filed Amended Complaint can never be time-barred.